```
 1  SEAN K. KENNEDY (No. 145632)
    Federal Public Defender
 2  (E-mail: Sean_Kennedy@fd.org)
    MYRA SUN (No. 144190)
 3  Deputy Federal Public Defender
    (E-mail: myra_sun@fd.org)
 4  321 East 2nd Street
    Los Angeles, California 90012-4202
 5  Telephone (213) 894-2918
    Facsimile (213) 894-0081
 6
 7  Attorneys for Defendant
    GERHARD HOLLATZ
 8
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) NO. CR 03-672-ER |
|---|---|
| Plaintiff, | ) STIPULATION RE: |
| v. | ) MODIFICATION OF |
| GERHARD HOLLATZ, | ) SUPERVISED RELEASE |
| Defendant. | ) CONDITION |

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff, United States of America, by and through its attorney of record, Assistant United States Attorney, April Christine, and defendant Gerhard Hollatz, by and through his attorney of record, Deputy Federal Public Defender, Myra Sun, that

1. The defendant was released from custody on December 7, 2007. He is currently employed as a legal secretary at the law office of his brother, Steven Hollatz-Castillo, an attorney admitted to practice in the state of California, Bar No. 238269. As reflected in the Declaration of Steven Hollatz-Castillo, which is attached to this Stipulation and incorporated into it, the defendant's job duties require that he have access to a desktop computer with the capacity to produce and print word-

1. processed documents, forms, spreadsheets, and timesheets related to his brother's law practice. His brother, who was formerly a computer network specialist, has agreed to disable any Internet connection to the computer and to permit its examination for the purpose of confirming that the computer lacks the capacity to connect to the Internet or to any e-mail account. Every other computer on the premises is password-protected, and the defendant will not have access to any computer except the one assigned to him.

2. For the foregoing reasons, the Judgment and Commitment Order of May 18, 2004, may be modified as follows: the current languge of Supervised Release Condition [i] is deleted, and shall be replaced with the following:

> The defendant may use a desktop computer while employed at the law office of his brother, Steven Hollatz-Castillo, Bar No. 238269. The defendant may not access or possess any other computer, computer-related device, or peripheral equipment in any other manner, for any other purpose. The computer and any computer-related devices or peripheral equipment used by the defendant shall be subject to search and seizure and to the installation of search and/or monitoring software and/or hardware. The defendant shall not add, remove, upgrade, update, reinstall, repair, or otherwise modify the hardware or software on the computer, computer-related devices, or their peripheral equipment, nor shall he hide or encrypt files or data without prior approval of the Probation Officer.

//
//
//
//
//
//

1  3. The Judgment and Commitment Order of May 18, 2004 shall remain in
2  effect for all other purposes.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: February 4, 2008      By /s/ Myra Sun
                             MYRA SUN
                             Deputy Federal Public Defender

THOMAS P. O'BRIEN
United States Attorney

DATED: February 4, 2008      By /s/ April Christine
                             APRIL CHRISTINE
                             Assistant United States Attorney

3

## DECLARATION OF STEVEN HOLLATZ-CASTILLO

I, Steven Hollatz-Castillo, hereby state and declare as follows:

1. I am the older brother of Gerhard Hollatz, the defendant in this case.

2. My brother and I were raised in, and attended, public schools in southern California.

3. I have extensive experience in computer technology and networking operations. From 1998 to 2001, I worked as an information technology specialist for Clearcross, a global transaction software company (it developed software to help facilitate companies' overseas transactions), focusing on internal networking. My official job title was Senior Network Engineer.

4. I moved back to Los Angeles in 2001, and completed college in 2003. I was then admitted to Southwestern University's two-year SCALE law school program, and graduated in 2005. I am an attorney licensed to practice law in the state of California, specializing civil litigation. My number of court appearances ranges from 5-6 times per month to no appearances at all for a month at a time. I am not in trial often, perhaps every four to six months.

5. I am a sole practitioner in a six-attorney suite (I am one of the six) on the eleventh floor at 12121 Wilshire Blvd., Los Angeles, California. Three of the lawyers are part of a firm, and I and the other two attorneys are sole practitioners. One of sole practitioners has an assistant, and the suite shares a receptionist. I have told each of the lawyers, the one assistant, and the receptionist about my brother's conditions of supervised release. Each of these seven individuals has his or her own computer, in the case of the attorneys in their offices (the assistant and the receptionist have access to other computers next to their desks in the outer area). Each of these computers is password-protected. I have informed all of them of the nature of my brother's conviction and of the need to ensure that their computers are kept secure, of which -- for their own professional privilege reasons -- they are already aware.

1

1   6.   My computer is also password-protected. In addition, I have begun
2   "locking" it when I leave my desk and it is on. Until I go back to my desk and use my
3   password to "unlock" it, it cannot be used. My brother Gerhard does not have my
4   password and I will not provide it to him while he is on supervised release.
5   7.   I would employ my brother at my office as a word processor, to type,
6   edit, file, and mail or deliver legal documents.
7   8.   My office does not use the services of a commercial mail-receiving
8   agency or a U.S. Post Office box.
9   9.   Based on my experience as a network engineer, I would be able to
10  prepare a desktop computer for his use. It would have no access to the Internet. It
11  would have no access to even an internal e-mail account.
12  10.  The computer would be equipped with *only* software that would assist
13  him in the preparation of legal documents: Microsoft Word and Corel Word Perfect
14  (word-processing programs), Microsoft Excel and Intuit's Quick Books (spread-sheet
15  programs), Lexis TimeMatters (a contact-management and timesheet program), and
16  Legal Solutions and Adobe Acrobat (document production software containing legal
17  forms). Using my experience as a computer network engineer, to ensure that my
18  brother does not access the Internet, I would completely disable the pathways in these
19  software programs to prevent them from accessing the Internet.
20  11.  My office hours are 9:00 a.m. to 5:00 p.m. My brother does not have a
21  key to the suite, so he could not come into it unless another person was with him or
22  inside. As I have noted above, I am in my office the vast majority of the time. My
23  brother's computer would be located outside my office door, about 10 feet away from
24  where I work. The assistant to one of the attorneys would be sitting directly behind
25  him, about 6 feet away. I would make the computer in question available for a
26  physical search.
27  12.  I would make every effort to have privileged documents off the computer
28  as much as possible and would agree to the Probation Office's viewing of items only

2

1 to ensure that they are not prohibited sexual material under the terms of my brother's
2 terms of supervised release. I would make every effort to remove privileged
3 documents from the computer at regular intervals.
4     13. I am therefore asking the Court to modify condition "i" of my brother's
5 conditions of supervised release to allow him to use this computer only, for work
6 purposes only.
7     I declare under penalty of perjury that the foregoing is true and correct to the
8 best of my knowledge.

10 DATED: February 2, 2008     STEVEN HOLLATZ-CASTILLO

3