UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GERHARD FRANCIS HOLLATZ, JR.,<br><br>　　　　Defendant. | No.  CR 03-672 PA<br><br>JUDGMENT REVOKING SUPERVISED RELEASE |

On September 13, 2023, Kelly Larocque, the attorney for the government appeared, and the defendant, Gerhard Francis Hollatz, Jr., appeared with appointed counsel Nadine Hettle, DFPD; and defendant admitted to allegation one, as charged in the petition filed on May 23, 2023.

THE COURT FINDS that the defendant violated the terms and conditions of the order of supervised release of January 12, 2015, and ORDERS that the order of supervised release is hereby revoked, vacated, and set aside.

IT IS FURTHER ORDERED AND ADJUDGED, upon the findings of the Court, that supervised release is revoked and the defendant is hereby committed to the custody of the Bureau of Prisons for a term of 21 months on Count 5.

Upon release from imprisonment, the defendant shall be placed on a lifetime term of supervised release under the following terms and conditions of supervised release:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04, including the conditions of probation and supervised release set forth in Section III of Second Amended General Order 20-04;

2. The offender shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04.

3. The defendant must not commit another federal, state, or local crime;

4. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;

5. The defendant must report to the probation office as instructed by the court or probation officer;

6. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;

United States of America v. Gerhard Francis Hollatz, Jr.                                              Page 2
Case No. CR 03-672 PA

7. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;

8. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;

9. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;

10. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;

11. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;

12. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

13. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

14. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;

15. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;

16. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

United States of America v. Gerhard Francis Hollatz, Jr.  Page 3
Case No. CR 03-672 PA

17. The offender shall register as a sex offender, and keep the registration current, in each jurisdiction where he/she resides, where he/she is an employee, and where he/she is a student, to the extent the registration procedures have been established in each jurisdiction. When registering for the first time, the offender shall also register in the jurisdiction in which the conviction occurred if different from his/her jurisdiction of residence. The offender shall provide proof of registration to the Probation Officer within 48 hours of registration.

18. The offender shall participate in a psychological counseling or psychiatric treatment or a sex offender treatment program, or any combination thereof as approved and directed by the Probation Officer. The offender shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing. The defendant retains the right to invoke the Fifth Amendment. The Court authorizes the Probation Officer to disclose the Presentence Report, and any previous mental health evaluations or reports, to the treatment provider. The treatment provider may provide information (excluding the Presentence report), to State or local social service agencies (such as the State of California, Department of Social Service), for the purpose of the client's rehabilitation.

19. Probation Officer shall disclose the Presentence Report, an/or any previous sex offender or mental health evaluation(s) to the treatment provider.

20. As directed by the Probation Officer, the offender shall pay all or part of the costs of psychological counseling or psychiatric treatment, or a sex offender treatment program, or any combination thereof to the aftercare contractor during the period of community supervision. The offender shall provide payment and proof of payment as directed by the Probation Officer. If the offender has no ability to pay, no payment shall be required.

21. The offender shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting or describing child pornography, as defined in 18 U.S.C. §2256(8), or sexually explicit conduct depicting minors, as defined at 18 U.S.C. §2256(2). This condition does not prohibit the offender from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit the offender from possessing materials prepared and used for the purposes of the offender's Court-mandated sex offender treatment, when the offender's treatment provider or the probation officer has approved of the offender's possession of the material in advance.

22. The offender shall not enter, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, amusement and theme parks, or other places primarily used by persons under the age of 18, without the prior written authorization of the probation officer.

United States of America v. Gerhard Francis Hollatz, Jr.   Page 4
Case No. CR 03-672 PA

23. The offender shall not affiliate with, own, control, volunteer or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

24. The offender's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer. The offender shall submit the name and address of the proposed employer to the Probation Officer at least ten (10) days prior to any scheduled change.

25. The offender shall submit to a search, at any time, with or without warrant, and by any law enforcement or probation officer, of the offender's person and any property, house, residence, vehicle, papers, computers, cell phones, other electronic communication or data storage devices or media, email accounts, social media accounts, cloud storage accounts, effects and other areas under the offender's control, upon reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the offender, or by any probation officer in the lawful discharge of the officer's supervision functions.

26. All computers, computer-related devices, and their peripheral equipment, used by the offender shall be subject to search and seizure. This shall not apply to items used at the employment's site, which are maintained and monitored by the employer;

27. All computers, computer-related devices, and their peripheral equipment, used by the offender, shall be subject to search and seizure and the installation of search and/or monitoring software and/or hardware, including unannounced seizure for the purpose of search. The offender shall not add, remove, upgrade, update, reinstall, repair, or otherwise modify the hardware or software on the computers, computer-related devices, or their peripheral equipment, nor shall he/she hide or encrypt files or data without prior approval of the Probation Officer. Further, the offender shall provide all billing records, including telephone, cable, internet, and the like, as requested by the Probation Officer.

28. The offender shall possess and use only those digital devices, screen usernames, email accounts social media accounts, messaging applications, and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that have been disclosed to the Probation Officer upon commencement of supervision. Any new devices, accounts applications, passwords, or passcodes are to be disclosed to the Probation Officer prior to the first use. A digital device is any electronic system or device that can access, view, obtain, store, or transmit visual depictions of sexually explicit conduct involving children.

29. The offender shall comply with the rules and regulations of the Computer Monitoring Program. The offender shall pay the cost of the Computer Monitoring Program.

United States of America v. Gerhard Francis Hollatz, Jr.  Page 5
Case No. CR 03-672 PA

30. The offender shall not access via computer any material that relates to children. The offender shall not have another individual access the internet on his/her behalf to obtain files or information which he/she has been restricted from accessing, or accept restricted files or information from another person.

31. The offender shall not reside within 2,000 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18. The offender's residence shall be pre-approved by the Probation Officer. The offender shall submit the address of the proposed residence to the Probation Officer at least 10 days prior to any scheduled move.

Defendant is advised of his right to appeal.

Upon the Government's motion, allegation 2 of the petition is hereby dismissed.

The Court recommends that the defendant be housed in a level 3 care facility at Terminal Island, CA.

DATED: September 13, 2023

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE

Kiry K. Gray, Clerk

By: Kamilla Sali-Suleyman
    Deputy Clerk
cc: USM, BOP, USPO